NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOEL DAVID THOMPSON,<br><br>  Plaintiff,<br><br>v.<br><br>CHRISTOPHER VAN NESS, *et al.*,<br><br>  Defendants. | Civil Action No. 23-4205 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Joel David Thompson's ("Plaintiff") application to proceed *in forma pauperis* through an "Affidavit in Support of IFP" (ECF No. 1-7, "IFP Affidavit"), together with his Complaint[1], (ECF No. 1, "Compl."), against five Defendants[2] (the "Defendants"). For the reasons explained below, the application to proceed IFP is **DENIED**, and the Complaint is **DISMISSED** without prejudice.

**I.   BACKGROUND**

The following facts are accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). The Complaint lists Plaintiff's name as "thompson joel david. without recourse. all rights reserved." (Compl. at 1.) Though the exact allegations are exceedingly

---

[1] For the purposes of this Memorandum Order, the Court uses PDF page numbers when referring to specific pages in the Complaint and its exhibits.

[2] According to the Complaint and attached exhibits, Defendants are Christopher Van Ness, a patrol officer, (*see* ECF No. 1-4 at 22); Lee Brodowski, a sergeant police officer, (*see id.* at 23); Rob Orr, who is "from Orr's Grovers Mill Auto Repair & Towing," (*see* Compl. at 6); Gay Huber, township clerk (*see* ECF No. 1-4 at 25), and Township of West Windsor, a New Jersey Nonprofit Corporation (*see Id.* at 5).

difficult to discern, the Court posits that Plaintiff asserts claims relating to the seizure of his sister's motor vehicle. (*See* Compl. at 6, ECF No. 1-6.) Plaintiff alleges that on January 16, 2023, Defendant Christopher Van Ness ("Van Ness") committed "trespass, approached my sister's property, asking for license and registration." (Compl. at 6.) Plaintiff also alleges Van Ness made "demands for tax and tariff receipts" and "robbed [him of the property] at gun point." (*Id.*) Also included were unintelligible allegations that his "sister misprison of felony. [sic] rapped and dragged." (*Id.*)

Plaintiff claims that his sister's 2021 Kia Forte was allegedly seized in connection with various motor vehicle violations he was cited for.[3] (*See* ECF No. 1-4 at 25–28.) In addition to seeking $1 billion in damages for his purported injuries and the "unlawful taking, debt collection from the people . . . for unknown investors," Plaintiff seeks to compel Defendants to return the vehicle. (Compl. at 5–6.) In apparent efforts to invoke federal question jurisdiction, Plaintiff cites "Treaties of Peace and Friendship, 1930 Tariff Act, [] 4th Amendment, Due process, Pursuit of Happiness, fiduciary breach of Trust; Separation of Powers act, municipal defacto employees did act as executive [sic], legislative and judicial branches in one [sic]." (Compl at 4.)

Rather than fill out the application to proceed IFP, Plaintiff attaches an IFP Affidavit. (*See* ECF Nos. 1-3; 1-7.) The IFP Affidavit provides no information about his financial status. Instead, *inter alia*, Plaintiff declares: "I truly have no clue what constitutes money" and pontificates about the Constitution and other matters. (*See* ECF No. 1-7.)

---

[3] According to exhibits attached to the Complaint, Plaintiff was cited for a myriad of vehicular infractions, including: (i) lack of liability insurance coverage on the motor vehicle; (ii) failure to possess driving registration; (iii) driving or parking an unregistered motor vehicle; (iv) improper display or unclear plates; and (v) driving with an expired license. (*See* ECF No. 1-4 at 25–28.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*—without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

Federal Rule of Civil Procedure 8(a) requires that a Complaint contain (i) "a short and plain statement of the grounds for the court's jurisdiction"; (ii) a short and plain statement of the claim showing that the pleader is entitled to relief"; and (iii) "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is factually plausible. *Kalu v. Spaulding*, 113 F.4th 311, 324 (3d Cir. Aug. 21, 2024) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bah v. United States*, 91 F.4th 116, 119 (3d Cir. 2024) (citation omitted). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Tomko v. Baldwin Borough*, No. 21-2593, 2022 WL 1772988, at *2 (3d Cir. June 1, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court must

be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. DISCUSSION

### A. *In Forma Pauperis* Affidavit

The IFP statute requires that a plaintiff demonstrate financial need through the submission of a complete financial affidavit. *See Atl. Cty. Cent. Mun. Court Inc. v. Bey*, No. 24-0105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) (citing 28 U.S.C. § 1915(a)). "In the IFP application, the plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Mawalla v. Lakewood Police Dep't*, No. 23-1083, 2023 WL 5985176, at *2 (D.N.J. Sep. 14, 2023) (internal quotations and citation omitted). "Failure to submit a completed financial affidavit renders an IFP application incomplete and this defect warrants the application's denial." *Id.* (citing *Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011)).

Plaintiff's application to proceed IFP must be denied based on a total lack of facts relating to his financial status. Rather than fill out the Short Form Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 1-3), Plaintiff refers the Court to his IFP Affidavit (ECF No. 1-7). The IFP Affidavit comes nowhere close to providing the Court with an indication of Plaintiff's financial need, and indeed, provides no indication of Plaintiff's financial need. (*See* ECF Nos. 1-6, 1-7.) Indeed, Plaintiff's IFP Affidavit contains six sections, none of which contain any discussion of Plaintiff's financial need.[4] (*See* ECF No. 1-7.) The Court has no factual basis to

---

[4] The first section contains definitions of, *inter alia*, account number, security, account, and money. (*Id.* at 1.) The second section is purported to be a general discussion of money. It commences with the statement "I truly have no clue what constitutes money." (*Id.*) It also makes other unintelligible statements and closes with a question: "how does one transact in a way that is Divinely pleasing to the Creator, to pay one's debt?" (*Id.* at 2.) The other three sections are titled "The Constitution," "Supreme Case Law," and "Settling the Debt." (*Id.*) They amount to more unintelligible statements on those topics.

4

conclude that Plaintiff has any financial need as Plaintiff makes no mention of his financial status. Accordingly, Plaintiff's IFP application is **DENIED** without prejudice.

### B. Review of Complaint

Even when the Court denies the IFP application as it does here, the Court still has discretion to review the merits of an IFP complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citing 10 James Wm. Moore et al., Moore's Federal Practice § 54.104(1)(a) (3d ed. 2019)). Here, the Court does so for clarity of the record. Unsurprisingly, Plaintiff's claims in the Complaint are also unclear. While Plaintiff appears to employ the "kitchen sink" approach, the Court's best guess is that Plaintiff principally seeks the return of his sister's car after it was seized. (*See* Compl. at 7; *see also* ECF No. 1-6 at 2.) Viewing the facts in light of Plaintiff's *pro se* status, Plaintiff might also be asserting that Defendants performed a warrantless search of the property. (*See* ECF No. 1-6 at 1.)[5] Because these allegations are impermissibly vague, they must be dismissed.

As a threshold matter, the Court is skeptical that the Plaintiff has standing to bring a claim relating to his sister's vehicle. Claims under the Fourth Amendment, such as ones for unreasonable searches and seizures, are "personal rights" and thus "may not be vicariously asserted." *Zaklama v. Hernandez*, No. 03-4654, 2006 WL 1804575, at *6 (D.N.J. June 27, 2006) (quoting *Brown v. United States*, 411 U.S. 223 (1973)). To the same, there must be "'some meaningful interference with an individual's possessory interests in that property.'" *Id.* (quoting *United States v. Jacobsen*, 466 U.S. 109, 113 (1984)); *see also Tullett Prebon, PLC v. BGC Partners, Inc.*, No. 09-5365, 2010

---

[5] The Court need not, and cannot, meaningfully address alleged claims that do not even provide a "formulaic recitation of the elements." *See Fulton*, 2022 WL 17976813, at *3 (D.N.J. Dec. 28, 2022). This includes claims for, *inter alia*, "conspir[acy]," "armed robbery," "misprison," rape, "kidnap[ing]," "wire fraud," "[i]dentify theft," "[r]acketeering," "war crimes," and "crimes against humanity." (*Id.* at 5–7; ECF No. 1-6 at 1.) The Court also declines to address Plaintiff's requests for injunctions (i) from impeding his rights to travel and (ii) from using the "General Obligation Bond, or other Bonds to enslave people." (Compl. at 6.)

WL 2545178, at *4 (D.N.J. June 18, 2010), *aff'd*, 427 F. App'x 236 (3d Cir. 2011) ("It is axiomatic that a plaintiff 'generally must assert his own legal rights and cannot rest his claim to relief on the legal rights or interests of third parties.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Therefore, without any alleged property rights in his sister's vehicle, Plaintiff is unlikely to have suffered an injury in fact. However, given that the Complaint's allegations are difficult to make out, the Court addresses additional bases for the dismissal of this action below.

With respect to the merits, Plaintiff's alleged facts are disjointed and devoid of sufficient detail to maintain an action against the Defendants.[6] To state a plausible claim, "Plaintiff must say more about why Defendant's actions were unlawful, and how Plaintiff is entitled to relief." *Fulton v. Reg'l Acceptance Corp.*, No. 22-4843, 2022 WL 17976813, at *3 (D.N.J. Dec. 28, 2022) (citation omitted). Plainly, Plaintiff fails to provide any details as to why the alleged possession of the car was unlawful or any grounds in which the Court can compel the return of the vehicle. Moreover, Plaintiff, himself, provides copies of his alleged motor vehicle citations. (*See* ECF No. 1-4 at 25–28).[7]

Plaintiff's claim relating to warrantless search and seizure of his sister's vehicle also fails. (*See* Compl. at 7; ECF No. 1-6 at 1.) Plaintiff alleges the car was "searched [] absent a warrant," (ECF No. 1-6 at 1), and that it was ultimately "unlawfully siezed [sic] on 16th, January, 2023, absent a warrant," (Compl. at 7). This claim appears to be rooted in the Fourth Amendment, which

---

[6] Another court's characterization of one of Plaintiff's other complaints is equally applicable here: the "[c]omplaint consists of nothing more than conclusory and unadorned, the-defendants-unlawfully-harmed-me accusations, which are insufficient to state a claim to relief that is plausible on its face." *Thompson v. Baraka*, No. 23-04209, 2023 WL 5237134, at *2 (D.N.J. Aug. 15, 2023) (internal quotation and citation omitted). Also applicable here, "the few assertions provided are devoid of any clarity and fail to comply with the most basic requirements of pleading." *Id.*

[7] Relatedly, the Court has doubts about whether this is the proper forum to deal with matters pertaining to the allegedly seized motor vehicle, particularly because Plaintiff was scheduled to appear in Municipal Court. (*See* ECF No. 1-4 at 25–28.)

protects individuals from unreasonable searches and seizures by the government. U.S. Const. amend. IV. Even so, this claim is impermissibly vague. Therefore, consistent with other courts in this District, the details in the Complaint are insufficient to state claim for relief. *See Madsen v. Washington Twp. Police*, No. 20-2395, 2021 WL 3932056, at *7 (D.N.J. Sept. 2, 2021) (dismissing Fourth Amendment claim where Plaintiff "has not provided any facts suggesting that [(i)] the officers were acting in bad faith," (ii) "the search was improper," "and/or [(iii)] [the officers] failed to follow standardized procedures"); *see also Slaughter v. Galloway Twp.*, No. 21-1036, 2021 WL 4059834, at *2 (D.N.J. Sept. 7, 2021) (also dismissing the same when "[p]laintiff [did] not state facts to substantiate [Fourth Amendment] claims" including a lack of detail around "which officer searched her, whether they frisked her, what the officers stated").[8] Because the Court's screening under 28 U.S.C. § 1915(e)(2) results in the dismissal of the Complaint, Plaintiff may amend his Complaint and reapply to proceed *in forma pauperis*.

Accordingly, **IT IS** on this 10 day of December, 2024,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk shall administratively **CLOSE** this case; and it is further

**ORDERED** that Defendants shall not be served; and it is further

**ORDERED** that Plaintiff may have the above-entitled case reopened, if, within thirty (30) days of the date of the entry of this Order, Plaintiff shall file an amended complaint and either pre-paying the $405 filing fee ($350 filing fee plus $55 administrative fee) or submitting a renewed

---

[8] The Court also notes that the Third Circuit has indicated that "the failure of a vehicle operator to produce a valid driver's license, registration, proof of insurance, or proof of ownership may be sufficient to support seizure of the vehicle, at least as a matter of New Jersey law." *Bumgarner v. Hart*, 316 F. App'x 201, 207 (3d Cir. 2009) (citations omitted).

application to proceed *in forma pauperis*; and it is further

**ORDERED** that if Plaintiff does not file an amended complaint within thirty (30) days of the date of entry of this Order, the Complaint will be dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff by regular U.S. mail, as well as a blank form application to proceed *in forma pauperis*.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**